# White v. Dempster, Appellant.

*Real estate—Sales subject to mortgages—Foreclosure of first mortgage—Suit on bonds against grantee by subsequent mortgagees—Action over against grantee—Case for jury.*

The owner of real estate conveyed same subject to three mortgages as part of the purchase-price. The purchaser failed to pay the mortgages and the land was sold on the first mortgage, thereby divesting the lien of the subsequent mortgages. The subsequent mortgagees, who were sisters of the grantor, entered judgment on

their bonds against the grantor, who thereupon paid them the amount of their mortgages and the judgments were satisfied. In an action by the grantor against the grantee to recover the amount of the two mortgages, defendant contended that plaintiff had not made a bona fide payment of the debts secured by the mortgages, and had, therefore, sustained no damage. There was no evidence tending to show lack of good faith in the payment except the relationship of the parties and the fact that the drawer of the check by which payment on the mortgages was made afterwards appeared as counsel for the plaintiff. *Held,* that the court did not err in submitting the good faith of the transaction to the jury and the verdict for plaintiff was sustained.

Argued Oct. 12, 1916. Appeal, No. 112, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2305, on verdict for plaintiff, in case of William H. White v. Samuel Dempster. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on a covenant of a deed.

SHAFER, P. J., filed the following opinion in denying motions for a new trial and for judgment n. o. v.:

The plaintiff was the owner of land subject to a mortgage of sixteen thousand dollars and to two later mortgages held by his sisters for some forty-five hundred dollars each. He conveyed the land to the defendant under and subject to these mortgages as part of the purchase-money. The defendant did not pay the mortgages and the land was sold on the first mortgage, thereby divesting the mortgages held by the sisters of the plaintiff. The testimony shows that the plaintiff's sisters caused judgment to be entered against him on the bond accompanying the mortgage, and demanded payment of it, and that thereupon he procured a certified check for the amount of the two mortgages and endorsed it to the attorney for the sisters who thereupon satisfied the judgments. The check was drawn by Mr. Sutton, who now appears as attorney for the plaintiff. The defendant's contention is that this was not a bona fide payment of the debts se-

cured by the mortgages, and that therefore plaintiff has not lost anything and therefore needed no indemnity. There was no evidence tending to show lack of good faith in payment except the relationship of the parties and the fact that the check by which payment was made was drawn by a gentleman who afterwards appeared as attorney for the plaintiff in this case. The good faith of the transaction was submitted to the jury, who found in favor of the plaintiff. We are clearly of opinion that under the evidence as above stated the defendant got all he was entitled to. He now asks us to find as a matter of law that the payment as proved by the plaintiff was not made in good faith. The matter, however, is plainly one of fact.

Verdict for plaintiff for $10,056.66 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant.

*James A. Wakefield,* for appellant.

*John M. Freeman,* of *Watson & Freeman,* for appellee.

PER CURIAM, January 8, 1917:

On the trial of this case the following point of the defendant was affirmed by the trial judge: "2nd. If the jury believe that the payment alleged to have been made by the plaintiff to Margaret H. Norris and Letitia D. Cowan was only a pretended payment, that the plaintiff did not furnish the money, if any money was furnished to make the payment, but the whole was a scheme or device to show a pretended loss on the part of the plaintiff, then the verdict must be for the defendant." This was the pivotal point in the issue and the finding of the jury was against the defendant. The facts appear in the brief opinion of the court below, overruling defendant's motions for a new trial and for judgment n. o. v., and on that opinion the judgment is affirmed.